UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:25-CR-086 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| TYSHAWN MCCUTCHEN, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Defendant Tyshawn McCutchen ("McCutchen") moves the Court to dismiss the Indictment on the grounds that the single offense charged, that being felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), is unconstitutionally applied to him. (Doc. 16.)  The government timely opposed the motion. (Doc. 17.)  For the reasons stated herein, the Motion to Dismiss is DENIED.

I.   BACKGROUND

On March 5, 2025, a federal grand jury returned a one-count Indictment charging that on or about June 14, 2024, McCutchen knowingly possessed a firearm and ammunition after previously being convicted of felony offenses. (Doc. 1.)  As alleged, the prohibiting felony convictions include one 2014 conviction for attempted robbery and two 2014 convictions for aggravated robbery. (*Id*.)  These convictions are not disputed.  Instead, McCutchen urges the Court to consider the age of the convictions, that he was a juvenile at the time of the convictions, and his upbringing to conclude charging him with a violation of 18 U.S.C. § 922(g)(1) is constitutionally impermissible because he is not "dangerous."  (Doc. 16 at 64-66.)[1]

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

## II.  ANALYSIS

"[O]ur nation's history and tradition demonstrate that Congress may disarm individuals they believe are dangerous." *United States v. Williams*, 113 F.4th 637, 657 (6th Cir. 2024). Section 922(g) is one example of congressional action aimed at preventing dangerous individuals from possessing firearms. It is a defendant's burden to prove he is not dangerous. *Id.* If a defendant proves he is not dangerous, dismissal of the charge must follow because he falls "outside of § 922(g)'s constitutionally permissible scope." *Id.* Assessing dangerousness "necessarily requires considering the individual's entire criminal record—not just the predicate offense for purposes of § 922(g)(1)." *Id*. at 657-58.

Prior convictions fall into three separate categories: crimes against the person, crimes that pose a significant threat of danger, and all other felony convictions. *Id.* at 658-59. Crimes against the person "speak directly to whether an individual is dangerous" and include "murder, rape, assault, and robbery." *Id.* at 658. Crimes that pose a significant threat of danger are those that, while not necessarily involving direct or threatened acts of violence, put the safety of others at risk. *Id.* at 659. Drug trafficking and burglary are two specific examples. *Id.* The third category, "other felony convictions," can be more difficult to assess because some federal offenses do not present a risk of harm to others. *Id.*

McCutchen's criminal history reveals the following 2014 convictions in the Cuyahoga County Court of Common Pleas: (1) attempted robbery in Case No. CR-14-586378, resulting in an 18-month term of incarceration; (2) aggravated robbery and theft (M1) in Case No. CR-14-586377, resulting in a 10-year term of incarceration; and (3) aggravated robbery and carrying a concealed weapon in Case No. CR-14-586379, resulting in a 10-year term of incarceration to be served concurrently to the 10-year term imposed in Case No. CR-14-586377. (Doc. 16-1.)

McCutcheon was released from state custody on December 17, 2023, and began a term of parole supervision.  (Doc. 11 ("Pretrial Services Report") at 45-46.)

In Ohio, "aggravated robbery" convictions necessarily involve use of a deadly weapon.  *See* Ohio Rev. Code § 2911.01(A)(1); *see also Williams*, 113 F.4th at 662.  Robbery convictions are recognized as "crimes against the person" and, therefore, "speak directly" to dangerousness.  Robbery convictions presumptively demonstrate dangerousness.  *United States v. Black*, No. 23-1622 (6th Cir. May 9, 2025) (district court's denial of as applied challenge to § 922(g)(1) premised on juvenile convictions affirmed under plain error review) (citing *Williams*, 113 F.4th at 660).

Notwithstanding, McCutchen contends the age of the convictions (more than 10 years), his age at the time of the offenses (15 years old), and lack of youthful guidance weigh against finding dangerousness.  He relies first on the Federal Rules of Evidence, which limits the use of certain prior convictions to attack a witness's credibility.  Fed. R. Evid. 609.  The argument that McCutchen's priors may be inadmissible for impeachment purposes presents an interesting analogy, but the Court is not persuaded it weighs against a finding of dangerousness when the entirety of a person's criminal history must be considered.  *Williams*, 113 F.4th at 657-60.  *Williams* does not direct lower courts to evaluate dangerousness in the context of federal procedural or evidentiary rules.[2]  *Id.*  Just the opposite, courts are directed to review a defendant's *entire* criminal history.

---

[2] *Williams* states courts look to criminal history and leaves open information beyond criminal history may be considered.  113 F.4th 658 n.12.

McCuthen also relies on *Graham v. Florida*, 560 U.S. 48 (2010). He asks the Court to consider the Supreme Court's statements about juvenile offenders in the context of his own challenges, namely the lack of stability and guidance he experienced after the loss of his parents.

In *Graham*, the Supreme Court held that imposing a life sentence without a possibility of parole on a 16-year-old offender who did not commit murder was unconstitutional because the sentence was disproportionate to adult offenders and lacking any legitimate assessment of the defendant's culpability, maturity, or rehabilitation.[3] 540 U.S. at 73. As reflected in McCutchen's motion, juvenile offenders differ from adult offenders. But the Supreme Court's holding in *Graham* did not reject the possibility that juvenile offenders can remain dangerous into adulthood. In fact, it left open the possibility juvenile offenders convicted of offenses less serious than homicide could remain incarcerated for the entirety of their adulthood. *Id.* at 75.

It is not clear the Court can consider McCutchen's upbringing or the loss of his parents at a young age in evaluating dangerousness. *Williams*, 113 F.4th 658 n.12. It is also not clear this information assists his argument. If the indictment allegations are proven, McCutchen, at the age of 27, possessed a firearm and ammunition within six months of being released and while still under supervision. Even if the Court could consider his childhood circumstances in its evaluation of dangerousness, McCutchen's prior robbery convictions plainly involved confronting and, at least on one occasion, threatening harm to another with a deadly weapon. Prior robbery convictions like McCutchen's weigh strongly in favor of finding dangerousness, and McCutchen has not presented sufficient information to overcome this presumption.

---

[3] In *Graham*, because Florida had abolished its parole system, the life sentence imposed meant parole was not possible. 540 U.S. at 57.

A present-day lack of dangerousness is McCutchen's burden to prove. McCutchen has failed to meet his burden.

### III. CONCLUSION

For all of these reasons, Defendant Tyshawn McCutchen's Motion to Dismiss (Doc. 16) is DENIED.

**IT IS SO ORDERED.**

Date: June 4, 2025

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE